UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HABBABA,<br><br>                                  Plaintiff,<br><br>v.<br><br>GORILLA MIND, LLC,<br><br>                                  Defendant. | Case No.:  3:24-cv-00921-JLS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND THE SCHEDULING ORDER**<br><br>[ECF No. 13] |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 13. The parties seek an order from the Court continuing the deadlines to amend the pleadings and complete fact discovery, as well as all other case management deadlines, by 90 days. *Id*.

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 10 at 8 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The deadline to file any "motion to join other parties, to amend the pleadings, or to file additional pleadings" passed on August 15, 2024. ECF No. 10 at 2. The deadline to complete fact discovery is December 9, 2024. *Id*. Here, the parties represent to the Court that Plaintiff intends to add NutraCap as a defendant in this matter, after learning that "NutraCap played a material role in the design, medical safety evaluation, and marketing, in addition to manufacturing, of the products." ECF No. 13 at 4. As such, the parties seek a 90-day extension to file a motion to amend the complaint. *Id*. Additionally, the parties contend that a 90-day extension of the fact discovery deadline is warranted due to the discovery still needed from NutraCap, either by discovery requests to the new party or via third-party subpoenas if the motion to amend is denied. *Id*. at 4.

The Court appreciates that the parties have been working together. However, the Court does not find that the parties have shown the diligence necessary for the large extensions they seek. First, Plaintiff concedes in the motion that it first learned that "Defendant had purchased the subject products" from NutraCap on July 16, 2024, and later learned that "a majority of the quantitative assessments and ingredient tests were performed and/or ordered" by NutraCap on August 28, 2024. ECF No. 13-1 at 2–3. However, Plaintiff did not seek an extension of the August 15, 2024, motion to amend deadline at that time; instead, the parties waited over a month to file the instant motion. This unexplained delay, and unexplained reasoning for needing 90 additional days to draft the motion, belies a

finding of diligence. Second, the parties' request to extend the fact discovery deadline is premature and speculative. Any extension would be based on circumstances that have not, and may never, occur—i.e., the parties argued that, "[i]f NutraCap is added as a party, the parties do not know whether NutraCap will bring challenges to the pleadings. … If NutraCap is not a party, … NutraCap may challenge the subpoenas or request additional time to respond." ECF No. 13 at 4. Though the Court appreciates that the parties seek to bring the Court's attention to potential delays, such speculation is not enough for such a lengthy extension. When and if the Court grants extensions, it prefers that the extensions be connected to the specific discovery still outstanding, instead of carte blanche—i.e., requesting a narrowly tailored extension because 'these two depositions were rescheduled to these specific dates.' As such, the Court **GRANTS IN PART and DENIES IN PART** the joint motion (ECF No. 13) as follows:

1. The parties' request to extend the fact discovery deadline is denied without prejudice as premature. Closer to the deadline, the parties may refile a more specific joint motion to extend the fact discovery deadline if needed, but are reminded that they must show the requisite diligence and provide the Court with the precise discovery that is still outstanding and a timeline for its completion. The Court also reminds the parties that the Status Conference remains scheduled for November 18, 2024, at 11:00 a.m., where "[d]uring the conference, counsel should be prepared to discuss the status of discovery and their positions on setting an early settlement conference." ECF No. 10 at 2.

2. The parties' request to extend the deadline to file a motion to amend is granted in part, as the Court does not find good cause for the entire 90-day extension. As such, any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **October 16, 2024**.

3. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 10) **remain in place**.

**IT IS SO ORDERED.**

Dated: October 1, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge