Mariel Covarrubias (SBN 274784)
**QUINN • COVARRUBIAS**
2220 Douglas Blvd., Suite 240
Roseville, CA 95661
T:       (916) 400-2300
F:       (916) 400-2311
Email:       MarielC@quinncova.com

Attorney for Defendant Nutracap Holdings, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HABBABA,<br><br>Plaintiff,<br><br>vs.<br><br>GORILLA MIND, LLC, NUTRACAP HOLDINGS, LLC, NUTRACAP LABS, LLC, and Does 1-500,<br><br>Defendants. | Case No. 3:24-cv-00921-JLS-AHG<br><br>**DEFENDANT NUTRACAP HOLDINGS, LLC'S MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)**<br><br>Date:       January 24, 2025<br>Time:       1:30 p.m.<br>Judge:      Hon. Janis L. Sammartino |

COME NOW, Defendant Nutracap Holdings, LLC ("Nutracap Holdings"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(2), hereby files this motion to dismiss for want of personal jurisdiction, respectfully showing this Court as follows:

## I.     INTRODUCTION

Plaintiff seeks to recover for personal injuries allegedly stemming from his consumption of certain dietary supplement products. In doing so, he filed the present suit against Gorilla Mind, LLC, which purportedly sold him the subject products, and Nutracap Holdings, the purported manufacturer of the subject products. Plaintiff, however, makes all but no attempt to state a basis for personal jurisdiction over Nutracap Holdings, simply lumping it in with Gorilla as to

1

jurisdictional and other allegations. Nutracap Holdings, however, is neither incorporated in California nor has its principal place of business in California and otherwise has insufficient contacts with California to form a basis for this Court's exercise of either general or specific personal jurisdiction.

## II. STATEMENT OF FACTS

Plaintiff seeks to recover damages for personal injury allegedly relating to his consumption of two of Defendant Gorilla Mind, LLC's products (herein after "Gorilla Products"). First Amended Complaint ("FAC"), Doc. 17 at ¶¶ 15-16. As such, he seeks damages against Gorilla Mind, LLC, a limited liability company formed and with its principal place of business in Boise, Idaho. *Id*. at ¶ 2.

He also seeks to recover against Nutracap Holdings, LLC, a Delaware limited liability company with its principal place of business in Norcross, Georgia, (*id*. at ¶ 5), and Nutracap Labs, LLC ("Nutracap Labs"), a Georgia limited liability company with its principal place of business in Norcross, Georgia, (*id*. at ¶ 6), (collectively, "Nutracap" in the FAC.) Nutracap Holdings and Nutracap Labs, LLC are distinct entities. Via a purchase agreement, Nutracap Holdings became successor in interest to Nutracap Labs in November of 2020, assuming, *inter alia*, all operations of Nutracap Labs. Declaration of Marcos Lima ("Lima Decl."), ¶ 2.

Plaintiff seeks to recover under counts one through 5 against Nutracap Holdings for negligence, strict products liability- manufacturing defect, strict products liability- design defect, strict products liability- failure to warn, and breach of implied warranties. *See* FAC, Doc. 17.

Plaintiff alleges that Nutracap Holdings "was contracted to assist in the manufacture, formulation, packaging, labeling, distribution, and sale of the GORILLA PRODUCTS to GORILLA MIND, which were then sold directly to Plaintiff, who was located in and consumed said products in the state of California." FAC, Doc. 17 at ¶ 9 (emphasis original).

He further alleges:

> This Court has personal jurisdiction over DEFENDANTS who purposefully directed the sale and shipment of GORILLA PRODUCTS to Plaintiff, a resident of California, and who purposefully availed themselves of the privilege of conducting business in the state of California. Plaintiff's injuries directly arose out of the sale and shipment of GORILLA PRODUCTS by DEFENDANTS[1] to Plaintiff. As such, this Court's exercised of personal jurisdiction over DEFENDANTS comports with fair play and substantial justice.

*Id*. at ¶ 13.

As for Nutracap's contacts, or lack thereof, with California, Nutracap Holdings is neither registered to do business in California nor does it have a registered agent in California. Lima Decl. ¶ 3. Nutracap Holdings also has no bank accounts, offices, stores, employees, agents, or property in California. Lima Decl. ¶ 4. Nutracap Holdings also does not direct any advertising towards the citizens of California. Lima Decl. ¶ 5. And between and including 2021 and 2024 to date, only 5.36% of Nutracap Holdings' total sales came from the State of California. Lima Decl. ¶ 6.

Moreover, Nutracap Holdings did not sell or ship the Gorilla Products to Plaintiff in California or to California at all. Lima Decl. ¶ 7. Indeed, Nutracap Holdings did not sell any products manufactured for Gorilla direct to consumers, as any and all products manufactured by Nutracap Holdings for Gorilla were sold solely to Gorilla and shipped directly to Gorilla in Idaho. Lima Decl. ¶ 8. Moreover, any and all business activities performed by Nutracap Holdings as to Gorilla products were performed in Georgia. Lima Decl. ¶ 9. Nutracap Holdings also did not advertise products manufactured for Gorilla in California or elsewhere and did not provide any customer support for Gorilla product consumers in California or elsewhere. Lima Decl. ¶ 10. Nutracap Holdings also had no control over Gorilla's

---

[1] While, here, Plaintiff alleges that all Defendants, including Nutracap Holdings, sold and shipped the subject products to him, this allegation conflicts with Plaintiff's earlier allegation that Nutracap Holdings sold the subject products to Gorilla Mind, which, in turn, sold them to Plaintiff. *Compare* FAC, Doc. 17 at ¶ 9 *with id*. at ¶ 13.

sale or distribution of the products it sold to Gorilla. Lima Decl. ¶ 12. Nutracap Holdings is a separate entity from Gorilla Mind LLC. Lima Decl. ¶ 11.

### III.  LEGAL ARGUMENT AND CITATION OF AUTHORITY

#### A. Legal Standard for Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party can assert the defense of lack of personal jurisdiction by way of a motion to dismiss. Due Process requires that there be an adequate basis for jurisdiction over the party sought to be bound by the court's judgment. *Burnham v. Superior Court*, 495 U.S. 604, 609-610, 110 S.Ct. 2105, 2109-2110 (1990). The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). A party may assert Rule 12(b)(2) for lack of personal jurisdiction. "It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss." *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962).

#### B. Legal Standard for Personal Jurisdiction

"The plaintiff bears the burden of demonstrating that personal jurisdiction is proper." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020). The plaintiff, however, cannot simply rest on the bare allegations of his complaint. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citations and internal quotation marks omitted). Moreover, and importantly here, "generalized allegations about a group of defendants, without specific facts as to each individual's activities, cannot give rise to personal jurisdiction." *Mazal Group, LLC v. Yousef*, 2023 WL 8896263, at *5 (C.D. Cal. Nov. 8, 2023) (citing *Pado, Inc. v. SG Trademark Holding Co., LLC*, 2020 WL 1445720, at *4 (C.D. Cal. March 24, 2020) (finding a plaintiff's failure to allege which of the defendants were responsible for certain acts was insufficient to give rise to personal jurisdiction).

/ / /

On a motion to dismiss for lack of jurisdiction, courts may consider evidence contained in affidavits. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). And, in so doing, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit". *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citation and internal quotation marks omitted).

In the seminal case *International Shoe*, the U.S. Supreme Court recognized two types of personal jurisdiction, "general" and "specific." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945). General jurisdiction exists only if the non-resident defendant has "'certain minimum contacts….such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'"" *Walden v. Fiore*, 571 U.S. 277, 283 (2014), quoting *International Shoe*, at 316 (internal citation omitted). A corporation's contacts with the forum state may not be imputed to an individual defendant and the contacts of the individual defendant himself must be considered on its own. *Branca v. Bai Brands, LLC*, 2019 U.S.Dist.LEXIS 37105, *44 (S.D. Cal. 2019) (individual defendants who were officers of a LLC were not subject to general jurisdiction even though they owned property in the state and frequently traveled to California).

Specific jurisdiction allows a court to exercise jurisdiction over an out-of-state defendant only if the cause of action relates to the party's contacts within the forum state. See *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) at 754. For a court to have specific jurisdiction, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum state'". *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). Specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Id.* "[T]he relationship must arise out of contacts that 'the defendant *himself*' creates with the

forum State." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1117 (2014), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985) (emphasis in original). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of the plaintiffs or third parties." *Id.*, citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292, 100 S. Ct. 559 (1979). Judicial precedent consistently rejects "attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* at 284, citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868 (1984).

A court may assert either general or specific jurisdiction over a defendant. *Ford Motor Co. v. Montana Eighth Judicial District Court,* 592 U.S. 351, 358, 141 S. Ct. 1017, 1024 (2021). In either event, nonresident defendants must have, at least, "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### C. General Jurisdiction

#### 1. Legal Standard for General Jurisdiction

General jurisdiction cannot attach unless the plaintiff pleads that the defendant's contacts with the forum state are "so continuous and systematic as to render [the non-resident corporate defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). The paradigm forums in which a company is deemed at home are the company's place of incorporation and the principal place of business. *Goodyear Dunlop Tire Operations*, *S.A. v. Brown*, 564 U.S. 915, 924 (2011). Only in an "exceptional case", where a business's operations are "so substantial and of such a nature as to render the corporation at home in that State", can general jurisdiction be found outside of the state(s) of incorporation and principal place of business. *Daimler*, 517 U.S. at 139 n.19.

Notably, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

## 2.  This Court Lacks General Jurisdiction Over Nutracap

Plaintiff admits that Nutracap Holdings' state of incorporation and principal place of business are outside of California. FAC, Doc. 17 at ¶¶ 5-6. He also makes no contention that general jurisdiction exists. *See id.* at ¶ 13 (asserting only specific jurisdiction). And, indeed, there is no factual basis for an assertion that Nutracap Holdings' California contacts are "so substantial and of such a nature" as to render it essentially at home in California. *Daimler*, 517 U.S. at 139 n.19.

For example, in *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017), the United States Supreme Court performed a general jurisdiction analysis and, in doing so, emphasized the weight given to a defendant's state of incorporation and principal place of business. *Id.* at 414 ("BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there"). The Court also held that, BNSF, which had about 6% of its railroad track mileage in Montana, less than 5% of its workforce in Montana, and 4% of its facilities in Montana, and derived less than 10% of its revenue from Montana was not "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State." *Id.* at 406, 414 (quoting *Daimler,* 571 U.S. at 119).

Nutracap Holdings' California contacts fall far short of BNSF's Montana contacts, such that no general jurisdiction can be found. As previously stated, Nutracap Holdings is neither registered to do business in California nor does it have a registered agent in California. Lima Decl. ¶ 3. Nutracap Holdings also has no bank accounts, offices, stores, employees, agents, or property in California. Lima Decl. ¶ 4.  Nutracap Holdings also does not direct any advertising towards the citizens of California. And between and including 2021 and 2024 to date, only 5.36% of Nutracap Holdings' total sales came from the State of California. Lima Decl. ¶ 6.

### D. Specific Jurisdiction

#### 1. Legal Standard for Specific Jurisdiction

Courts in the Ninth Circuit apply a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

For specific jurisdiction over a nonresident Nutracap Holdings to exist, Plaintiff must demonstrate that Nutracap Holdings purposely directed its activities towards California or purposefully availed itself of the privilege of conducting business in California. *Schwarzenegger*, 374 F.3d at 802. The purposeful direction analysis is generally applied to tort claims while the purposeful availment analysis is generally applied to contract claims. *Id*. Under either analysis, Plaintiff must establish that his claims arise out of or relate to Nutracap Holdings' California-related activities. *Id*.

As for purposeful direction, the plaintiff must establish that the defendant: (1) committed an intentional act, (2) expressly aimed at the foreign state, (3) causing harm the defendant knows is likely to be suffered in the forum state. *Id*. 803. "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S.102, 112 (1987) (O'Connor, J., plurality opinion) "[T]he defendant must exercise some level of control over the ultimate distribution of its products". *Herbal Brands, Inc. v. Photoplaza, Inc.*, 74 D.4th 1085, 1094 (9th Cir. 2023); *see also Asahi*, 480 U.S. at 112 (finding no purposeful availment in part because defendant "did not create, control, or employ the distribution system that

brought its [product] to [the forum state]"). Here, Nutracap Holdings simply placed Gorilla products into the stream of commerce with no direct sale to Plaintiff or any other California resident. Lima Decl. ¶¶ 7-8. Nutracap Holdings also exercised no control over where Gorilla sold or distributed the products. Lima Decl. ¶ 12. Any claim of jurisdiction based upon purposeful direction must, therefore, fail.

Evidence of purposeful availment typically relates to a defendant's actions in the forum state, such as executing or performing a contract in the forum state under which the defendant avails itself of the privilege of conducting activities within the forum state and invokes the benefits and protections of its laws. *Asahi*, 480 U.S. at 112. Plaintiff, however, has failed to establish that such express aiming, as required by the second prong of the purposeful direction test, exists in this case. *See Asahi*, 480 U.S. at 112. Nutracap Holdings did not sell Plaintiff the Gorilla Products or otherwise execute or perform any relevant contract in California. Lima Decl. ¶¶ 7-8. Indeed, the only relevant contract entered into by Nutracap Holdings was its contract with Gorilla, an Idaho resident, which Nutracap Holdings performed in Georgia. Lima Decl. ¶¶ 8-9. Thus, Nutracap Holdings did not conduct relevant contractual activities within California and did not, thereby, invoke the privilege or protection of California law. Nutracap Holdings simply placed products in the stream of commerce which, without more, is insufficient to establish purposeful availment. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023); *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). And, while Nutracap Holdings does conduct business in California, Plaintiff's claims do not arise out of or relate to such business as required by the third prong of the purposeful direction test. *See Asahi*, 480 U.S. at 112. There is, therefore, no basis for personal jurisdiction based upon purposeful availment.

## IV. <u>CONCLUSION</u>

Wherefore, for the aforementioned reasons, since this Court has neither general nor specific jurisdiction over Defendant Nutracap Holdings, LLC, it

respectfully requests that this Court grant the current Motion and dismiss Plaintiff's First Amended Complaint, Doc. 17, as to Nutracap Holdings, LLC for lack of personal jurisdiction.

DATED: December 11, 2024      QUINN • COVARRUBIAS

By: /s/ Mariel Covarrubias
MARIEL COVARRUBIAS
Attorney for Nutracap Holdings, LLC

<u>Alphonso Habbaba v. Gorilla Mind, LLC, et al.</u>
USDC – Southern District - Case No.: 3:24-CV-00921-JLS (AHG).

# DECLARATION OF SERVICE

I, Jennifer Rodriguez, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of 18 years and not a party to this action; my business mailing address is 2220 Douglas Blvd., Suite 240, Roseville, California 95661, in said County and State. On December 11, 2024 I served:

1. **DEFENDANT NUTRACAP HOLDINGS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)**
2. **DEFENDANT NUTRACAP HOLDINGS, LLC'S MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)**
3. **DECLARATION OF MARCOS LIMA IN SUPPORT OF NUTRACAP HOLDINGS, LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)**
4. **ORDER GRANTING DEFENDANT NUTRACAP HOLDINGS, LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(2)** *(served through electronic transmission only on the following persons indicated in the attached service list)*

on the following person(s) at the following address(es), in the manner indicated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY THE COURT'S CM/ECF SYSTEM)**
Pursuant to Local Rule, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF System, which sent notification of that filing to the parties as registered.

☒ **ONLY BY ELECTRONIC TRANSMISSION:** In compliance with C.C.P. §1010.6, and pursuant to a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I served the documents by email on the persons indicated above, using the e-mail addresses shown. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on December 11, 2024, at Placentia, California.

By: _____
Jennifer Rodriguez

<u>Alphonso Habbaba v. Gorilla Mind, LLC, et al.</u>
USDC – Southern District - Case No.: 3:24-CV-00921-JLS (AHG).

# SERVICE LIST

| **Attorneys for Plaintiff** | **Attorneys for Plaintiff** |
|---|---|
| Anne Andrews<br>Sean T. Higgins<br>Robert S. Siko<br>Zachery R. Bierscheid<br>Roy Bendavid<br>ANDREWS & THORNTON<br>4701 Von Karman Ave, Suite 300<br>Newport Beach, CA 92660<br>(T): 949-748-1000<br>(F): 949-315-3540<br>aandrews@andrewsthomton.com<br>shiggins@andrewsthomton.com<br>rsiko@andrewsthomton.com<br>zbierscheid@andrewsthomton.com<br>rbendavid@andrewsthornton.com | *Alphonso Habbaba* |
| **Attorney for Defendant**<br>Brian Michael Ledger<br>Gordon & Rees LLP<br>101 West Broadway<br>Suite 1600<br>San Diego, CA 92101<br>(619) 696-6700<br>(619) 696-7124 (fax)<br>bledger@grsm.com | **Attorneys for Defendant**<br>*Gorilla Mind, LLC* |