UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HABBABA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GORILLA MIND, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:24-cv-00921-JLS-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINES**<br><br>**[ECF No. 60]** |

　　Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 60. The parties seek an order from the Court continuing the deadlines to complete document production and fact discovery, as well as other related case management deadlines, by 30 days. *Id.*

　　Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 57 at 6 (Second Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause

standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Olvera v. Citibank, N.A.*, No. 25-cv-789-H-AHG, 2025 U.S. Dist. LEXIS 117769, at *2, *4–*5 (S.D. Cal. June 19, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, the parties represent to the Court that they have been acting diligently, after having come to an agreement regarding Defendant's document and data production. ECF No. 60 at 1. The parties explained that significant delays were caused because much of the data extracted was corrupted and needed to be extracted a second time. *Id*. at 2. The search terms and date range were applied to the newly extracted, non-corrupted data on October 13, 2025, and Defendant is reviewing the documents, totaling over one million pages, for responsiveness. *Id*. As such, Defendant requires additional time to complete the process, and Plaintiff needs additional time to review the production before depositions of Defendant's representatives are taken. *Id*. As such, the parties request a 30-day extension of the production and deposition deadlines. *Id*.

The Court finds that the parties have been diligent in their production efforts and appreciates that the parties are working together. As such, the Court finds good cause to **GRANT** the joint motion. ECF No. 60. The Court orders as follows:

1. All document production must be completed by **November 13, 2025**.
2. Counsel must promptly reserve dates for depositions, to be taken no later than **December 15, 2025**.[1]

---

[1] The deadline requested by the parties—December 14, 2025—falls on a Sunday.

3. The parties shall designate their respective experts in writing by **January 13, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **February 10, 2026**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **January 13, 2026**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **February 10, 2026**.

6. All expert discovery shall be completed by all parties by **March 10, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 24 at ¶ 1.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **April 6, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure

to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. All other dates, deadlines, and procedures set forth in the Court's Second Amended Scheduling Order (ECF No. 57) **remain in place**.

**IT IS SO ORDERED.**

Dated: October 27, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge