UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HABBABA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GORILLA MIND, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:24-cv-00921-JLS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINES**<br><br>**[ECF No. 62]** |

　　　Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 62. The parties seek an order from the Court continuing the deadlines to complete document production and fact discovery, as well as other related case management deadlines, by approximately 30 days. *Id*.

　　　Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 57 at 6 (Second Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad

1  discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth
2  Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-
3  GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-
4  rigorous standard that has been construed broadly across procedural and statutory contexts.
5  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause
6  standard focuses on the diligence of the party seeking to amend the scheduling order and
7  the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry
8  is upon the moving party's reasons for seeking modification. … If that party was not
9  diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting
10 diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels &
11 Resorts, Inc.*, No. 3;24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9,
12 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL
13 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

14     Here, the parties represent to the Court that they need more time for Defendant to
15 complete its document and data production, and for the parties to conduct depositions. ECF
16 No. 62. The parties represent to the Court that Defendant's counsel's law firm updated its
17 software, which "crippled the ability to work for two weeks, leading to approximately three
18 emergency shutdowns of the entire system." *Id.* at 2. As such, those tasked with reviewing
19 Defendant's document production were unable to conduct any review. *Id*. Though
20 Defendant's counsel has been reviewing the production as quickly as possible, they have
21 been unable to catch up and need an extension. *Id*. at 3. Since the document and data
22 production has been delayed, and since Plaintiff seeks to review the production before
23 taking depositions, Plaintiff has been unable to take certain liability depositions, including
24 those of Defendant's corporate employees. *Id*. at 2. The parties also represent to the Court
25 that they have scheduled a private mediation with Thomas Tobin for December 12, 2025.
26 *Id*. at 3. The parties seek to "focus their efforts on settlement, rather than spending
27 significant expenses on traveling to Canada and Idaho for depositions." *Id*. Thus, the parties
28 request an extension of both the document production deadline and the deposition

deadline—from November 13, 2025, to December 19, 2025, and from December 15, 2025, to January 19, 2026, respectively. *Id.* at 4.

Though the Court appreciates that the parties have been working together and that Defendant has been putting in much effort to review the document production, the Court expresses its concern regarding the parties' delay in filing the instant motion. By filing the motion <u>twenty days after</u> the November 13, 2025, deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion <u>no less than seven calendar days before</u> the affected date") (emphasis added). Though the parties seem to be working well together and notifying each other regarding difficulties meeting court-ordered deadlines, the parties have not sought permission from the Court to extend those deadlines. *Compare* ECF No. 62 at 2 ("Defendant advised Plaintiff that the document production would not be complete before November 13th, but assured Plaintiff that the production would be complete prior to December 5th") *with* ECF No. 62 (filed December 3, 2025, with first mention of any issues meeting the Court's November 13, 2025, deadline).

Though the Court finds that the delay in filing the instant motion belies a finding of diligence, in the interest of furthering the parties' settlement discussions and assisting the private mediation be successful, the Court finds good cause to **GRANT IN PART** the joint motion. The Court orders as follows:

1. By **December 18, 2025**, the parties must submit a joint update to the Court via email (not filed) (to efile_goddard@casd.uscourts.gov) regarding the outcome of the mediation. If the parties are considering a mediator's proposal, they should include the mediator's proposal response deadline in their joint email update.

2. All document production must be completed by **December 19, 2025**.

3. Counsel must promptly reserve dates for depositions, to be taken no later than **January 9, 2026**.

4. The parties shall designate their respective experts in writing by **January 30, 2026**. The parties must identify any person who may be used at trial to present

evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **February 20, 2026**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

5. By **January 30, 2026**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **February 20, 2026**.

7. All expert discovery shall be completed by all parties by **March 13, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 24 at ¶ 1. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **April 6, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. //

1  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the
2  district judge.

3      9.    Upon due consideration, (*see* ECF No. 57 at 3 n.1), the Mandatory Settlement
4  Conference set for May 13, 2025, remains on calendar. If the parties' upcoming
5  December 12, 2025, private mediation is unsuccessful and the parties are continuing to
6  work with Mr. Tobin toward resolution or schedule a further private mediation, upon a
7  joint email from the parties (to efile_goddard@casd.uscourts.gov), the Court will consider
8  vacating the Mandatory Settlement Conference.

9      10.    All other dates, deadlines, and procedures set forth in the Court's Second
10  Amended Scheduling Order (ECF No. 57) **remain in place**.

11  **IT IS SO ORDERED.**

12  Dated: December 4, 2025

13                                                _____
                                              Honorable Allison H. Goddard
14                                                United States Magistrate Judge